# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| OSCAR F. TURNER-BEY, Register No. 168840, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-4384-CV-C-SOW |
| ) | |
| DAVE DORMIRE, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Oscar F. Turner-Bey, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On March 27, 2006, defendants filed a motion to dismiss plaintiff's claims, arguing, among other things, that plaintiff failed to exhaust his administrative remedies, pursuant to 42 U.S.C. § 1997e. In response, on April 10 and 13, 2006, plaintiff filed a motion to strike defendants' motion to dismiss, and a motion for sanctions, arguing that monetary damages are not available via the grievance procedure and filed a copy of a grievance appeal he filed on August 16, 2005, on his claims that he was denied Kosher food for Passover celebration. Defendants have filed a reply.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Pursuant to the March 11, 2005, Missouri Department of Corrections Offender Grievance Procedures, an offender has exhausted the administrative grievance procedure as to his claims, pursuant to federal law, upon receipt of a grievance appeal response. See Missouri Department of Corrections Manual, D5-3.2, Offender Grievance, No.

III(M)(12) (March 11, 2005). The Grievance Procedures further provide that "[a]n appeal response should be provided as soon as practical, but within 100 calendar days of receipt." Id. at No. III (M)(6). Section 1997e(a) requires that all available administrative remedies are exhausted prior to a prisoner bringing suit. Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam).

In the instant case, plaintiff filed his complaint with this court on November 15, 2005. Grievance appeals were filed by plaintiff as to his claims in his complaint on August 16 and November 21, 2005. Therefore, plaintiff did not exhaust his administrative remedies as set forth in the procedure manual of the Department of Corrections prior to the filing of his complaint with this court. Plaintiff had not received a response from the division director and the response time of 100 days had not expired at the time he filed his complaint. Accordingly, plaintiff had not fully exhausted his claims prior to bringing suit. Furthermore, plaintiff's argument that money damages are not available via the grievance process is not a valid defense for failure to exhaust administrative remedies. The Supreme Court has specifically stated that "[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth v. Churner, 532 U.S. 731, 741 (2001)).

Therefore, because plaintiff failed to exhaust administrative remedies as to his claims prior to the filing of this federal law suit, plaintiff's claims should be dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e and Johnson v. Jones, 340 F.3d at 628. Plaintiff is advised that he may refile suit on these claims after exhausting his administrative remedies; however, he will be required to pay the full filing fee. 28 U.S.C. § 1915. Installment payments are permitted if plaintiff is granted leave to proceed in forma pauperis.

Plaintiff's motions to strike and for sanctions will be denied. Plaintiff's April 10, 2006 motion to amend his complaint to indicate the capacities in which he is suing defendants is granted as to remaining defendants Dormire, Wood, Gibson and Beck. Discovery will be stayed

2

until such time as a final judgment is entered on defendants' motion to dismiss for failure to exhaust administrative remedies.

In light of this recommendation, plaintiff's motion for appointment of counsel is denied, without prejudice.

IT IS, THEREFORE, ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice [31]. It is further

ORDERED that discovery is stayed until a final order is entered ruling defendants' motion to dismiss [27]. It is further

ORDERED that plaintiff's April 10, 2006 motion to amend his complaint to indicate the capacities in which he is suing remaining defendants Dormire, Wood, Gibson and Beck is granted [23]. It is further

ORDERED that plaintiff's motions for sanctions and to strike are denied [22, 24]. It is further

RECOMMENDED that defendants' motion to dismiss be granted and plaintiff's claims be dismissed, without prejudice, for failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e [17].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 16th day of May, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge