# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | |
|---|---|
| OSCAR F. TURNER-BEY, Register No. 168840, ) | |
| Plaintiff, ) | |
| v. ) | No. 05-4384-CV-C-SOW |
| DAVE DORMIRE, et al., ) | |
| Defendants. ) | |

### ORDER

On May 16, 2006, the United States Magistrate Judge recommended dismissing plaintiff's claims, without prejudice, for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on June 5, 2006. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Although plaintiff nearly had exhausted one of his claims, via grievance no. 05-1898, prior to the filing of his claims in federal court, plaintiff had not exhausted two other grievances, nos. 05-3380 and 05-3534, which are substantial components of plaintiff's case. Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use

all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that the Magistrate Judge's May 16, 2006 Report and Recommendation is adopted [ 33]. It is further

ORDERED that defendants' motion to dismiss is granted and plaintiff's claims are dismissed, without prejudice, for failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e. [17] It is further

ORDERED that plaintiff's motions regarding his filing fee, for contempt, for protective order and to amend are denied [34, 36, 37].

/s/Scott O. Wright  
SCOTT O. WRIGHT  
Senior United States District Judge

Dated: August 18, 2006